Receipt number 9998-4138553

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

**FILED**

**Aug 18 2017**

U.S. COURT OF
FEDERAL CLAIMS

| | | |
|---|---|---|
| **CLINICOMP INTERNATIONAL, INC.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 17-1115 C** |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | | |

## COMPLAINT

Plaintiff CliniComp International, Inc. ("CliniComp"), a Delaware corporation, files this Complaint against Defendant, the United States of America ("United States" or "Government"), through the United States Department of Veterans Affairs ("VA"). CliniComp is seeking declaratory and injunctive relief to prevent the VA from violating the Competition in Contracting Act of 1978 ("CICA") by awarding a sole source contract to Cerner Corporation ("Cerner") for the VA's next generation Electronic Health Record ("EHR") system.

### PRELIMINARY STATEMENT

CliniComp is a leading provider of EHR systems for the United States Department of Defense ("DOD") health care facilities, as well was certain VA facilities. On June 5, 2017, the VA announced via a press release that it intends to award a sole source contract to Cerner for the VA's next generation EHR system.

(Exhibit 1.)  On June 14, 2017, CliniComp filed an agency-level protest contesting the pending sole source award.  (Exhibit 2.)   In a letter dated August 7, 2017, the VA Deputy Assistant Secretary for Acquisition and Logistics denied/dismissed the protest.  (Exhibit 3.)   As shown by the nine counts set forth below, the VA's decision to award a sole source contract to Cerner is arbitrary, capricious, an abuse of discretion, and violates the CICA and Federal Acquisition Regulations.

PARTIES

1.     CliniComp is a privately-held Delaware corporation with its principal place of business in San Diego, California.

2.     Defendant is the United States, acting by and through the United States Department of Veterans Affairs.

JURISDICTION AND VENUE

3.     This Court has jurisdiction and venue over this action pursuant to the Tucker Act, as amended by the Administrative Dispute Resolution Act of 1996, Pub. L. No. 104-320, §§ 12(a), (b), 110 Stat. 3870 (1996), codified at 28 U.S.C. § 1491(b).

STANDING

4.     CliniComp has standing to file this action because CliniComp is a prospective offeror with a direct economic interest in the VA's procurement of the next generation EHR system.  CliniComp is a current provider of EHR systems to

the DOD and VA, and CliniComp would be prejudiced by being excluded from competing for, and being awarded, the subject contract.

5.    CliniComp is an "interested party" pursuant to 28 U.S.C. § 1491(b)(1) because CliniComp's EHR is a commercially available product that is either currently capable of meeting the VA's requirements or would be able to meet the VA requirements with minor modifications.

**TIMELINESS**

6.    This pre-award protest is timely because CliniComp filed an agency-level protest within ten days of the issuance of Secretary Shulkin's press release. Although the letter from the VA denying/dismissing the protest is dated August 7, 2014, it was not received by CliniComp until August 14, 2017.  Hence this protest has been filed within ten days of the VA denying/dismissing the agency-level protest.

**FACTUAL ALLEGATIONS**

7.    CliniComp is a privately-held corporation that develops Electronic Health Record ("EHR") solutions for hospitals, integrated delivery networks, academic medical centers, and other acute care providers.

8.    CliniComp's EHR system was originally built to meet the clinical workflow challenges of the most demanding critical care environments. In fact, CliniComp pioneered the integration of computer-based clinical documentation and

medical device integration almost three decades ago. CliniComp has 30 years of EHR management experience and innovation, and virtually zero downtime since 1983.

9.     Today, the CliniComp's EHR system is deployed in leading private, military, and veterans health care facilities and supports safer and more efficient patient care.

10.     In 2009, CliniComp was selected by the DOD to be the inpatient clinical documentation provider for the Military Health System. A pioneer in the clinical computing field, CliniComp enjoys distinction as a world-class innovator and a trusted partner. CliniComp is currently providing its EHR system at 61 DOD sites, comprised of 56 Military Treatment Facilities.

11.     Since 2009, CliniComp has been selected by 8 VA regional Veterans Integrated Service Networks (VISNs) to provide EHR at more than 40 VA health care facilities.

12.     On June 25, 2017, the VA announced via a News Releasee that it intends to award a sole source contract to Cerner to develop the VA's next generation EHR system. (Exhibit 1.) The following are extracts from the VA press release:

- "Today U.S. Secretary of Veterans Affairs Dr. David J. Shulkin announced his decision on the next-generation Electronic Health Record (EHR) system for the Department of Veterans Affairs (VA) at a news briefing at VA headquarters in Washington."

- "Without improved and consistently implemented national interoperability standards, VA and DoD will continue to face significant challenges if the Departments remain on two different systems. For these reasons, I have decided that VA will adopt the same EHR system as DoD, now known as MHS GENESIS, which at its core consists of Cerner Millennium."

- "It's time to move forward, and as Secretary I was not willing to put this decision off any longer. When DoD went through this acquisition process in 2014 it took far too long. The entire EHR acquisition process, starting from requirements generation until contract award, took approximately 26 months. We simply can't afford to wait that long when it comes to the health of our Veterans. Because of the **urgency** and the critical nature of this decision, I have decided that there is a public interest exception to the requirement for full and open competition in this technology acquisition."

- "Accordingly, under my authority as Secretary of Veterans Affairs, I have signed what is known as a "Determination and Findings," or D&F, that is a special form of written approval by an authorized official that is required by statute or regulation as a prerequisite to taking certain contract actions. The D&F notes that there is a public interest exception to the requirement for full and open competition, and determines that the VA may issue a solicitation directly to Cerner Corporation for the acquisition of the EHR system currently being deployed by DoD, for deployment and transition across the VA enterprise in a manner that meets VA needs, and which will enable seamless healthcare to Veterans and qualified beneficiaries."

(*Id.*)

13. On June 14, 2017, CliniComp filed an agency-level protest of the VA's decision to issue a sole source contract to Cerner. (Exhibit 2.)

5

14.     The VA Deputy Assistant Secretary for Acquisition and Logistics denied/dismissed the agency-level protest in a letter dated August 7, 2017. (Exhibit 3.)

## CAUSES OF ACTION

**Count I:    Secretary Shulkin's Use of the Public Interest Exception to CICA Lacks a Rational Basis.**

15.     CliniComp realleges the preceding factual allegations as if fully set forth herein.

16.     Full and open competition is in the public interest.

17.     The premise behind the label of "public interest" is that the VA does not have sufficient time to hold a full and open competition:

- "Congress has been urging the VA and DoD for at least 17 years — from all the way back in 2000 — to work more closely on EHR issues."

- "To date, VA and DoD have not adopted the same EHR system."

- "Because of the **urgency** and the critical nature of this decision, I have decided that there is a public interest exception to the requirement for full and open competition in this technology acquisition."

- "Having a Veteran's complete and accurate health record in a single common EHR system is critical to that care, and to improving patient safety."

- "[O]ur current VistA system is in need of major modernization to keep pace with the improvements in health information technology"

- "[W]e still don't have the ability to trade information seamlessly for our Veteran patients and seamlessly execute a share plan of acre with smooth handoffs."

- "When DoD went through this acquisition process in 2014 it took far too long.  The entire EHR acquisition process, starting from requirements generation until contract award, took approximately 26 months.  **We simply can't afford to wait that long when it comes to the health of our Veterans.**"

- "Because of the **urgency** and the critical nature of this decision, I have decided that there is a public interest exception to the requirement for full and open competition in this technology acquisition."

- "I have decided that **we can't wait years**, as DoD did in its EHR acquisition process, to get our next generation EHR in place."

(Exhibit 1, emphasis added.)

18.     The VA's premise that it does not have sufficient time to allow for full and open competition lacks a reasonable basis.

19.     On June 22, 2017, the VA Acting Under Secretary for Health told a Congressional hearing that "office it's going to take six or eight months to negotiate a contract" with Cerner and that the contract is "going to be a multiyear, you know, five to 10-year project at this point."  (Exhibit 8, p. 2.)

20.     In the six or eight months to negotiate a sole source contract with Cerner, the VA could hold an accelerated full and open competition for the next generation EHR.

21.    Since the next generation EHR is going to be a "five to 10-year project," there is sufficient time for full and open competition. (Exhibit 8, p. 2.)

22.    Since the next generation EHR is high risk and because multiple award development contracts are a proven means to reduce risks, the failure of Secretary Shulkin's decision to consider prudent risk reduction renders the sole source decision unreasonable.

> **Count II:**  The CICA Exception to Full And Open Competition for Public Interest Is Not Available Because the Urgency That Is Compelling Secretary Shulkin to Award a Sole Source Contract to Cerner is a Consequence of the VA's Lack of Advance Planning.

23.    CliniComp realleges the preceding factual allegations as if fully set forth herein.

24.    CICA requires procurements to "obtain full and open competition through the use of competitive procedures." 41 U.S.C. § 3301(a)(1).

25.    Under CICA, there are seven exceptions when "an executive agency may use procedures other than competitive procedures." 41 U.S.C. § 3304(a).

26.    Secretary Shulkin purports to use the Public Interest Exception to full and open competition, 41 U.S.C. § 3304(a)(7), to justify his decision to make a sole source award to Cerner.

27.    The lack of advance planning is manifested in Secretary Shulkin's press release:

- "Congress has been urging the VA and DoD for at least 17 years — from all the way back in 2000 — to work more closely on EHR issues."

- "To date, VA and DoD have not adopted the same EHR system."

- "Because of the **urgency** and the critical nature of this decision, I have decided that there is a public interest exception to the requirement for full and open competition in this technology acquisition."

- "Having a Veteran's complete and accurate health record in a single common EHR system is critical to that care, and to improving patient safety."

- "[O]ur current VistA system is in need of major modernization to keep pace with the improvements in health information technology"

- "[W]e still don't have the ability to trade information seamlessly for our Veteran patients and seamlessly execute a share plan of acre with smooth handoffs."

- "When DoD went through this acquisition process in 2014 it took far too long.  The entire EHR acquisition process, starting from requirements generation until contract award, took approximately 26 months.  **We simply can't afford to wait that long when it comes to the health of our Veterans."**

- "Because of the **urgency** and the critical nature of this decision, I have decided that there is a public interest exception to the requirement for full and open competition in this technology acquisition."

- "I have decided that **we can't wait years**, as DoD did in its EHR acquisition process, to get our next generation EHR in place."

(Exhibit 1, emphasis added.)

28.     The lack of advance planning is further manifested in a White House press release:

> Q.     Thank you, Mr. Secretary.   You were part of the last administration; in fact, you were Deputy VA Secretary.   Is there a particular reason why this process, which you're announcing today, did not take place during the Obama administration?  Did you drop the ball in the Obama administration?  If you could, explain a little bit about that.
>
> SECRETARY SHULKIN:  **This is one of those problems that I talked about last week with all of you that I think spans administrations and has been going on for decades.**  I can count no fewer than seven blue ribbon commissions that have recommended that we move in a direction like this.

(Exhibit 4, pp. 4-5, emphasis added.)

29.     Exception # 7 does not permit "using procedures other than competitive procedures on the basis of the lack of advance planning."  41 U.S.C. § 3304(e)(5).

30.     Because Secretary Shulkin's sole source decision is predicated on a lack of advance planning, the Public Interest Exception # 7 to CICA is not available to justify the sole source decision.

31.     Because CICA Exception # 7 is not available to justify the sole source decision, the sole source decision violates CICA.

**Count III:  The Sole Source Decision Cannot Withstand Scrutiny Because the VA Has an Obligation Under 41 U.S.C. § 3304(d) to Solicit Offers From as Many Potential Sources as is Practicable Under The Circumstances.   Under the Present Circumstances, Not Only is CliniComp a Potential Source but Also the Selection Of Cerner Was Arbitrary, Capricious and an Abuse of Discretion**

**Since CliniComp Already Has an EHR System That Meets the VA's Requirements and Cerner Does Not.**

32.    CliniComp realleges the preceding factual allegations as if fully set forth herein.

33.    It is a general rule of statutory construction that specific provisions govern over general provisions.

34.    CICA Exception #2 for unusual and compelling urgency, 41 U.S.C. § 3304(c), is a specific statutory provision.

35.    CICA Exception # 7 for public interest (which is the last of the CICA exceptions and devised by Congress as a "catch-all") is a general statutory provision.

36.    Applying the rule of statutory construction that a specific provision governs over a general provision, the specific provision of unusual and compelling urgency governs over the general provision of public interest.   Thus, the only applicable authority for the VA to award a sole source contract to Cerner is CICA Exception #2, unusual and compelling urgency.

37.    41 U.S.C. 3304(d) states:   "An executive agency using procedures other than competitive procedures to procure property or services by reason of the application of [the exception for unusual and compelling urgency] shall request offers from as many potential sources as is practicable under the circumstances."

38.     Pursuant to 41 U.S.C. § 3304(d), since the only authority on which the VA could proceed with a sole source procurement of EHRs based on underlying urgency is CICA Exception #2, the VA is obligated to "request offers from as many potential sources as is practicable under the circumstances."

39.     CliniComp already has an EHR system that can meet the VA's requirements, and Cerner does not.

40.     Consistent with 41 U.S.C. § 3304(d), it is practicable under the circumstances for the VA to request an offer from CliniComp.

41.     The failure of the VA not to request an offer from CliniComp is a violation of 41 U.S.C. § 3304(d).

42.     Since CliniComp already has an EHR system that can meet the VA's requirements, and Cerner does not, the decision to make Cerner the only offeror rather than CliniComp was arbitrary, capricious, and an abuse of discretion.

**Count IV:     By Proceeding as Planned With a Development Contract to Be Awarded to Cerner, the VA Is Violating 41 U.S.C. § 3307(b) Which Requires, to the Maximum Extent Practicable, "Offerors Of Commercial Items and Nondevelopmental Items … Are Provided An Opportunity to Compete in Any Procurement to Fill Those Requirements."**

43.     CliniComp realleges the preceding factual allegations as if fully set forth herein.

44.     41 U.S.C. § 3307 is entitled "Preference for Commercial Items."

45.    41 U.S.C. § 3307(b) states, "to the maximum extent practicable," agencies shall ensure that "offerors of commercial items and nondevelopmental items other than commercial items are provided an opportunity to compete in any procurement to fill those requirements."

46.    CliniComp's EHR system is a commercial item that can fulfill the VA's requirement for an EHR system that is interoperable with the DOD's EHR system.

47.    Alternatively, CliniComp's EHR system is a nondevelopmental item that can fulfill the VA's requirement for an EHR system that is interoperable with the DOD's EHR system.

48.    The decision of the VA to award a development contract to Cerner for an EHR system that is interoperable with the DOD's EHR system violates 41 U.S.C. § 3307(b).

**Count V:   The VA Has Violated FAR § 10.002(b) by Failing to Conduct Market Research "to Determine if Commercial Items or Noncommercial Items Are Available to Meet the Government's Needs or Could Be Modified to Meet the Government's Needs."**

49.    CliniComp realleges the preceding factual allegations as if fully set forth herein.

50.    FAR § 10.002(b) states:   "Market research is then conducted to determine if commercial items or nondevelopmental items are available to meet the Government's needs or could be modified to meet the Government's needs."

51.    The VA has not conducted market research for its next generation EHR system to ascertain if commercial items or nondevelopmental items are available to meet the VA's needs or could be modified to meet the VA's needs.

52.    If the VA had complied with its duty under FAR § 10.002(b) to perform market research, the VA would have learned that CliniComp has an EHR that is capable of meeting the VA's requirement for an EHR that is interoperable with the DOD EHR.

53.    The VA has violated FAR § 10.002(b) by not conducted market research for its next generation EHR to ascertain if commercial items or nondevelopmental items are available to meet the VA's needs or could be modified to meet the VA's needs.

54.    The VA's conduct of violating of FAR § 10.002(b) is arbitrary, capricious, and an abuse of discretion.

> **Count VI:  Secretary Shulkin's Decision to Award a Sole Source Contract to Cerner Constituted a Source Selection Decision.  Secretary Shulkin's Source Selection Decision Failed to Consider Cost.  Not Only Does Secretary Shulkin's Failure to Consider Costs Violate a Fundamental Procurement Precept for Source Selection Decisions by Also Violated his Duty Under FAR § 1.102-2(c)(1) to be "Responsible and Accountable for the Wise Use of Public Resources."**

55.    CliniComp realleges the preceding factual allegations as if fully set forth herein.

56.    In his interview at the press conference, Secretary Shulkin stated he had no ballpark estimate of how much a Cerner contract might cost.  (Exhibit 4.)

57.    In light of the fact that Secretary Shulkin admitted he had no ballpark estimate of how much a Cerner contract might cost, his source selection decision failed to consider costs.

58.    The failure to consider costs violates a fundamental procurement precept that every source selection must give meaningful consideration to cost.

59.    In making the decision to award a source contract, Secretary Shulkin had a duty to be "responsible and accountable for the wise use of public resources as well as acting in a manner which maintains the public's trust."  FAR § 1.102-2(c)(1).

60.    By not considering costs in his source selection decision, Secretary Shulkin has violated his duty to be "responsible and accountable for the wise use of public resources as well as acting in a manner which maintains the public's trust." FAR § 1.102-2(c)(1).

61.    Secretary Shulkin's decision, as shown by the disparaging article in Exhibit 5, has violated his duty to maintain the public distrust.

62.    By not considering cost in his source selection decision, Secretary Shulkin's decision was arbitrary, capricious, and an abuse of discretion.

**Count VII:  The VA's Decision to Standardize on Cerner's EHR System Without First Holding a Competition Violates CICA.**

63.    CliniComp realleges the preceding factual allegations as if fully set forth herein.

64.    Secretary Shulkin's decision to standardize on the Cerner EHR is evidenced by the VA press release:  "Having a Veteran's complete and accurate health record in a single common EHR system is critical to that care, and to improving patient safety."  (Exhibit 1.)

65.    The VA has refused to hold a competition before selecting Cerner's EHR system on which to standardize.

66.    The VA decision to standardize on Cerner's EHR system without holding a competition violates CICA.

**Count VIII:  Since The Next Generation VA EHR System is a Major System, the VA is Violating FAR § 34.005-1 by Not Pursuing Full and Open Competition Between Alternative Major Systems Sources Until it is No Longer Economical or Practical to Do So.**

67.    CliniComp realleges the proceeding factual allegations as if fully set forth herein.

68.    The next generation VA EHR is a major system.

69.    FAR Part 34 addresses Major System Acquisitions.

70.   FAR § 34.005-1(a) states: "The program manager shall, throughout the acquisition process, promote full and open competition and sustain effective competition between alternative major system concepts and sources, as long as it is economically beneficial and practicable to do so."

71.   It is economically beneficial and practicable for the VA to sustain effective competition between alternative major system sources—Cerner's EHR and CliniComp's EHR.

72.   The failure of the VA to comply with FAR § 34.005-1(a) is arbitrary, capricious and an abuse of discretion.

**Count IX:  The VA's Decision to Modernize the Existing EHR System and/or Develop a New EHR System Without Considering the Commercially Available Option of CliniComp's EHR System is Arbitrary, Capricious, an Abuse of Discretion, and Violates OMB Circular A-130.**

73.   CliniComp realleges the preceding factual allegations as if fully set forth herein.

74.   OMB Circular A-130 is entitled Managing Information as a Strategic Resource. (Exhibit 7.)

75.   OMB Cir. A-130 states:

Decisions to improve, enhance, or modernize existing IT investments or to develop new IT investments are made only after conducting an alternatives analysis that includes both government-provided (internal, interagency, and intra-agency where applicable) and commercially available options, and the option representing the best value to the Government has been selected.

17

(*Id.* at 5.d(3)(f).)

76.   The VA's decision to acquire a next generation EHR system falls within the OMB Cir. A-130 criteria of "[d]ecisions to improve, enhance, or modernize existing IT investments or to develop new IT investments."

*77.*   In making the decision to acquire the next generation of EHR system from Cerner sole source, the VA had an obligation under OMB Circular A-130 to conduct an alternative analysis of commercially available options. (*Id.*)

78.   A commercially available option for the VA's next generation EHR system is to acquire EHRs from CliniComp since CliniComp currently provides EHR systems to the VA and DOD which are already interoperable.

79.   The VA violated OMB Circular A-109 in making its decision to acquire the next generation EHR system from Cerner sole source without conducting an alternative analysis of commercially available options.

## Count X: Declaratory Judgment

80.   CliniComp realleges the preceding factual allegations as if fully set forth herein.

81.   As set forth in Counts I through IX, a justiciable controversy exists between CliniComp and the Government concerning the propriety and reasonableness of the VA's acts and omissions.

82.     This actual and justiciable controversy relating to the legal rights and duties of the parties caused by the Government's arbitrary and capricious acts is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

83.     CliniComp seeks a declaration that:

A.      Secretary Shulkin's use of the Public Interest Exception to CICA lacks a reasonable basis since there is ample time in the VA's projected schedule to hold a full and open competition.

B.      Since the urgency that is compelling Secretary Shulkin to award a sole source conduct to Cerner is the consequence of the VA's lack of advance planning, CICA Exemption #7, Public Interest, is not available.   Therefore, the sole source decision violates CICA.

C.      The sole source decision cannot withstand scrutiny because the VA has an obligation under 41 U.S.C. § 3304(d) to solicit offers from as many potential sources as is practicable under the circumstances.  Under the present circumstances, not only is CliniComp a potential source but also the selection of Cerner was arbitrary, capricious and an abuse of discretion since CliniComp already has an EHR that meets the VA's requirement and Cerner does not.

D.      By proceeding as planned with a developmental contract to be awarded to Cerner, the VA is violating 41 U.S.C. § 3304(d) which requires, to the maximum extent practicable, "offerors of commercial items and nondevelopmental items …

are provided an opportunity to compete in any procurement to fill those requirements."

E.   The VA has violated FAR § 10.002(b) by failing to conduct market research "to determine if commercial items or noncommercial items are available to meet the Government's needs or could be modified to meet the Government's needs."

F.   Secretary Shulkin's decision to award a sole source contract to Cerner constituted a source selection decision.   Since Secretary Shulkin did not evaluate costs in his source selection decision, the decision violates FAR § 15.304(c)(1) which states that "costs to the Government shall be evaluated in every source selection."

G.   The VA's decision to standardize on Cerner's EHR without first holding a competition violates CICA.

H.   Since the next generation of VA EHR is a major system, the VA is violating FAR § 34.005-1 by not pursuing full and open competition between alternative major systems sources until it is no longer economical or practical to do so.

I.   The VA's decision to modernize the existing EHR and/or develop a new EHR without considering the commercially available option of CliniComp's

EHR is arbitrary, capricious, an abuse of discretion and violates OMB Circular A-130.

84.    CliniComp also seeks a declaration of its rights as they relate to Secretary Shulkin's decision including, without limitation, a declaration that the VA should competitively award the VA's next generation of EHR.

85.    Without the requested declarations, the Government will continue to jeopardize CliniComp's business and interests.

### Count XI:  Preliminary and Permanent Injunction

86.    CliniComp realleges the preceding factual allegations as if fully set forth herein.

87.    As set forth in Counts I – IX, the VA has engaged in certain wrongful acts or omissions culminating in an arbitrary, capricious decision to award a sole source contract to Cerner.

88.    This wrongful conduct, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to CliniComp, including, without limitation, the loss of significant revenues, lost profit, lost work, the possible loss of employees, and the loss of opportunity to remain involved for this and other similar procurements; therefore, CliniComp requests the Court enter preliminary and permanent injunctions providing CliniComp with equitable and statutory relief.

89.     Specifically, CliniComp requests that preliminary and permanent injunctions be granted enjoining and restraining the Government and, as applicable, its collective and respective departments, agencies, agents, servants, employees, officers, attorneys, and those persons in active concert or participation with any of them from, directly or indirectly, awarding a sole source contract to Cerner for the next generation of EHR pending resolution of this protest.

90.     CliniComp has a likelihood of success on the merits.  CliniComp has been, and will be, directly harmed by the Government's improper actions.

91.     Neither the Government nor Cerner will be comparably harmed either by waiting for this Court's decision or by the imposition of injunctive relief. Further, the public has a strong interest in assuring that CICA is followed and that federal procurements are conducted fairly and correctly.

92.     The motion for preliminary injunction and memorandum of law in support of the motion for a preliminary injunction filed by CliniComp states in more detail the grounds and substantive arguments upon which CliniComp is entitled to injunctive relief.  The grounds, authorities, argument, and all other matters contained or referenced in said brief are hereby adopted and incorporated by reference into this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, CliniComp respectfully requests the Court enter a judgment for CliniComp and against the United States as follows:

A.     for the preliminary and permanent injunctive relief identified above, including an injunction precluding the VA from awarding a sole source contract to Cerner for the next generation VA EHR.

B.     declaring that Secretary Shulkin's use of the Public Interest Exception to CICA lacks a reasonable basis since full and open competition can be conducted in the amount of time that the VA has scheduled for the acquisition.

C.     declaring that since the urgency that is compelling Secretary Shulkin to award a sole source conduct to Cerner is the consequence of the VA's lack of advance planning, CICA Exemption #7, Public Interest, is not available.  Therefore, the sole source decision violates CICA;

D.     declaring that the sole source decision cannot withstand scrutiny because the VA has an obligation under 41 U.S.C. § 3304(d) to solicit offers from as many potential sources as is practicable under the circumstances and further declaring that under the present circumstances, not only is CliniComp a potential source but also the selection of Cerner was arbitrary, capricious and an abuse of discretion since CliniComp already has an EHR that meets the VA's requirement and Cerner does not;

E.    declaring that by proceeding as planned with a developmental contract to be awarded to Cerner, the VA is violating 41 U.S.C. § 3304(d) which requires, to the maximum extent practicable, "offerors of commercial items and nondevelopmental items … are provided an opportunity to compete in any procurement to fill those requirements;"

F.    declaring that the VA has violated FAR § 10.002(b) by failing to conduct market research "to determine if commercial items or noncommercial items are available to meet the Government's needs or could be modified to meet the Government's needs;"

G.    declaring that Secretary Shulkin's decision to award a sole source contract to Cerner constituted a source selection decision and that since Secretary Shulkin did not evaluate costs in his source selection decision, the decision violates FAR § 15.304(c)(1) which states that "costs to the Government shall be evaluated in every source selection;"

H.    declaring that the VA's decision to standardize on Cerner's EHR without first holding a competition violates CICA;

I.    declaring that since the next generation of VA EHR is a major system, the VA is violating FAR § 34.005-1 by not pursuing full and open competition between alternative major systems sources until it is no longer economical or practical to do so;

24

J.     declaring that the VA's decision to modernize the existing EHR and/or develop a new EHR without considering the commercially available option of CliniComp's EHR is arbitrary, capricious, an abuse of discretion and violates OMB Circular A-130; and

K.     for such other and further relief to which CliniComp may show itself to be justly entitled at law or in equity.

Dated:        August 18, 2017

Respectfully submitted,

Richard J.R. Raleigh, Jr. (Attorney of Record)
Jerome S. Gabig
Christopher L. Lockwood

Attorneys for Plaintiff
**WILMER & LEE, P.A.**
100 Washington Street, Suite 200
Huntsville, Alabama 35801
Telephone:   (256) 533-0202
Facsimile:   (256) 533-0302
rraleigh@wilmerlee.com
jgabig@wilmerlee.com
clockwood@wilmerlee.com

## <u>CERTIFICATE OF SERVICE</u>

A copy of the above and foregoing was sent on the 18th day of August, 2017, via e-mail and by First Class U.S. Mail, postage prepaid, to:

U.S. Department of Justice
Commercial Litigation Branch
1100 L Street, NW, 8th Floor
Washington, DC 20530
Electronic Mail:    nationalcourts.bidprotest@usdoj.gov

Honorable Jan R. Frye
Deputy Assistant Secretary for Acquisition and Materiel Management
Department of Veterans Affairs
810 Vermont Avenue, NW.,
Washington, DC 20420
Electronic Mail:    jan.frye@va.gov

William Rayel
Senior Trial Counsel
National Courts Section
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW, Room 10128
Washington, DC 20530
Electronic Mail:    william.rayel@usdoj.gov


Richard J.R. Raleigh, Jr.